This case is before us on defendant’s motion to dismiss plaintiffs petition. Plaintiff claims back pay and damages resulting from his inability to obtain promotion in, and consequent resignation from, his position as General Attorney, GS-12, with the Boston Regional Office of the Federal Trade Commission (ftc). We hold that the court has no jurisdiction of the case and therefore we grant defendant motion.
The allegations in the petition, which we take as true for the purposes of this motion only, show that the ftc, while employing plaintiff as an attorney, largely assigned him to clerical and administrative tasks. It also appears that the legal work plaintiff was given was not of the same importance or interest as that assigned to other attorneys in the office. Plaintiff further alleges that his superiors made it clear to him that they did not like him, did not approve of his educational background, had no intention of giving him better work, and did not want to retain him.
Plaintiff assumed his position of General Attorney in 1972, after several years as a Consumer Protection Specialist in the same office. In frustration at the ftc’s refusal to promote him and at the type of work he was doing, he resigned on June 30,1978.[1]
*975 This case is indistinguishable from Clark v. United States, 229 Ct. Cl. 570 (1981), which therefore is controlling. We said in that case:
This court has no jurisdiction to grant backpay and reinstatement to someone who voluntarily terminated his federal employment by resignation. The Back Pay Act, 5 U.S.C. §5596 (1976), which is the only statute that might authorize such relief (see Smith v. United States, 228 Ct. Cl. 168, 170-71, 654 F.2d 50, 52 (1981)), covers only "an unjustified or unwarranted personnel action.” A voluntary resignation is not such an act.
The plaintiff argues, however, that his resignation was not voluntary but was coerced. The "firmly established” principle in this court is that "[t]he element of volunta-riness is vitiated only when the resignation is submitted under duress brought on by Government action.” Christie v. United States, 207 Ct. Cl. 333, 337-38, 518 F.2d 584, 587 (1975). Moreover, "[d]uress is not measured by the employee’s subjective evaluation of a situation. Rather, the test is an objective one.” 207 Ct. Cl. at 338, 518 F.2d at 587.
Under this standard the plaintiff has not shown that he was coerced into resigning. The fact that the plaintiff resigned in frustration over his inability to obtain a promotion does not show that his resignation was involuntary. The plaintiffs decision to terminate his employment was a voluntary act brought about by dissatisfaction with his employment situation and not because of pressure the government put on him to resign. Indeed, no one in the government suggested that he should resign. We have held that even resignations submitted to avoid threatened termination for cause were voluntary. See Christie, 207 Ct. Cl. at 338-39, 518 F.2d at 588.
* * * The government’s motive for so treating the plaintiff * * * did not change the character of the resignation.
* * * Since the plaintiff had not stated a claim for reinstatement or backpay within our jurisdiction, a *976 fortiori, his claim for promotion to the higher grade to which he asserts he would have been promoted had he not been discriminated against, also fails. Peters v. United States, 208 Ct. Cl. at 377, 534 F.2d at 234, and cases there cited. See also United States v. Testan, 424 U.S. 392, 402 (1976).
Although the plaintiff believes that he was unjustly denied a promotion, he has not shown the "clear legal entitlement to such promotion” that is the only basis upon which we may order promotions. Peters, 208 Ct. Cl. at 377, 534 F.2d at 234. * * *
Id. at 573-74.
There is little more we can say. Plaintiff resigned because he found his work situation to be intolerable. Whether or not he was justified in that belief is irrelevant; we have no jurisdiction in the case of a voluntary resignation. Further, plaintiff alleges no facts indicating that the ftc forced him to resign. Even if his superiors wished him to resign, that does not in itself rise to the level of duress.
To the extent that plaintiff makes a claim for promotion which is not precluded by the Clark case, it must fail on the dual grounds that he alleges no right to promotion to GS-13 (ftc practice or informal policy is not a right), and that in any case he has not pursued, and so a fortiori has not exhausted, administrative remedies.
Finally, as plaintiff properly concedes, this court has no jurisdiction of an age discrimination claim. 29 U.S.C. §633a(c) (1976).
it is therefore ordered, after careful consideration of the parties’ submissions and without oral argument, that defendant’s motion to dismiss is granted and the petition is dismissed.

 As this is a motion to dismiss rather than a motion for summary judgment, we do not rely upon the Standard Form 50 effecting plaintiffs resignation, which plaintiff *975 attached to his brief in opposition to the motion to dismiss. However, as it condenses and clarifies the allegations in the complaint, we set out the relevant portion here.
"I resign for the following reasons
"(1) Lack of advancement.
"(2) Lack of meaningful opportunities to utilize my legal education[,] investigative experience, ability and acumen acquired over the years.
"The effective date of my resignation will be June 31 [sic], 1978.
"[signed] James S. Parker”