Clement J. PACYNA, Plaintiff,

v.

John O. MARSH, Jr., Secretary of the Army, Defendant.

CIV–83–205C.

United States District Court,
W.D. New York.

March 7, 1984.

Timothy R. Lovallo, Buffalo, N.Y., for plaintiff.

Salvatore R. Martoche, U.S. Atty., Buffalo, N.Y. (Cheryl S. Fisher, Asst. U.S. Atty., Buffalo, N.Y., of counsel), for defendant.

CURTIN, Chief Judge.

In this case, plaintiff seeks review of a final decision of the Secretary of the Army.

Defendant moves to dismiss on the ground that plaintiff has failed to state a claim and, in the alternative, for summary judgment. The basis for these motions is lack of jurisdiction, statute of limitations, and *laches.*

The history of this litigation is a long one. It began in 1951, when plaintiff was serving as a master sergeant and applied for an appointment as a warrant officer in the Counter-Intelligence Corps [CIC]. Although he received approval from his local commanders, on January 3, 1952, he was informed that his application did not receive final approval.

Plaintiff continued in military service until 1962, when he retired from the Army with the status of "retired reserve." Nothing occurred after that until February of 1979, when plaintiff made an application through the Freedom of Information Act and examined his personnel file.

On June 13, 1980, plaintiff filed an application with the Army Board for Correction of Military Records [ABCMR], seeking to have his 1952 promotion denial reversed and his records corrected accordingly. Plaintiff claims that his application was timely because it was filed within three years after he discovered the error in his record. In the fall of 1980, the ABCMR solicited and obtained an advisory opinion from the Office of the Judge Advocate General. A copy of the opinion, which recommended that plaintiff's claim be denied, was sent to him for his comment. Plaintiff responded in February of 1981.

After considering plaintiff's response, the Board concluded that plaintiff had not given any reason to explain why the action not to appoint him was illegal or in violation of regulations. The Board also held that his failure to timely file his application had made efforts by the Army to investigate his claim difficult. Because of his 28-year delay in challenging the decision made in 1952, only limited documentation is available. This decision was affirmed by the Secretary of the Army on June 7, 1982. Plaintiff's suit followed in February, 1983, with plaintiff claiming that failure to appoint him as a warrant officer was an abuse of discretion and a violation of his rights. He seeks an order of the court appointing him to the rank of warrant officer and retirement pay, including back payment to the time of the initial denial.

■ Assuming for the moment that this court has jurisdiction, it is clear that plaintiff's claim is barred by the statute of limitations. 28 U.S.C. § 2401(a) provides that a civil suit against the United States must be commenced within six years after the right of action first accrues. The statute may not be waived in actions against the United States. *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). "[A] cause of action is deemed to have accrued when facts exist which enable one party to maintain an action against another." *Konecny v. United States,* 388 F.2d 59, 65 (8th Cir.1967), *quoting Great American Ins. Co. v. Louis Lesser Enterprises, Inc.,* 353 F.2d 997, 1001 (8th Cir.1965).

■ The file in this case was complete in 1952, when plaintiff's application for promotion was rejected. Plaintiff argues that he was not able to obtain the facts until he looked at his personnel file through a Freedom of Information Act procedure in 1979, but there was no reason why he could not have reviewed his personnel records at an earlier date. Even if the statute of limitations was tolled during the period plaintiff remained on active duty, pursuant to the Soldiers and Sailors Civil Relief Act of 1940, 50 U.S.C.App. § 501 *et seq.,* his cause of action would have accrued upon his retirement in 1962.

■ Cases such as *Kaiser v. Secretary of the Navy,* 525 F.Supp. 1226 (D.Col.1981), cited by plaintiff in support of his application, do not apply here. The statute of limitations did not apply in *Kaiser,* because the nature of the relief sought in that case was to correct a discharge from dishonorable to honorable. In that type of case, or cases in which the applicant seeks to expunge the judgment of a court martial, the statute of limitations is not a bar. However, in cases like the present one where the relief sought is money, the statute is a

bar if the case is untimely filed. In this case, the plaintiff wants his records corrected and, at the same time, he wants the government to increase his retirement pay.

█ Plaintiff cannot revive his claim by applying to the ABCMR in 1981 and claiming that the 1982 decision revived the jurisdictional statute. To do this would permit a plaintiff to have the power to avoid the jurisdictional bar every time he submitted an application which was considered by the Board. Thus, whether his claim accrued in 1952 or at the time of his retirement in 1962, the time to institute the suit has long passed.

█ Although the government vigorously urges that the court does not have jurisdiction under any theory, I find that there is jurisdiction under 28 U.S.C. § 1346. Plaintiff has waived his claim to any monetary award over $10,000.00.

Defendant's motion for summary judgment is granted, and the complaint is dismissed.

So ordered.