Norris E. DIXON, Plaintiff,

v.

UNITED STATES, Defendant.

No. 719–88C.

United States Claims Court.

May 23, 1989.

Norris E. Dixon, Doraville, Ga., pro se.

C. William Lengacher, Washington, D.C., with whom was the Asst. Atty. Gen. John R. Bolton, for defendant. Robert Wezler, Office of Gen. Counsel, Dept. of Educ., of counsel.

## OPINION

HORN, Judge.

This case is presently before the court on the defendant's Motion to Dismiss for lack of subject matter jurisdiction filed on April 21, 1989. The plaintiff filed a response to the motion to dismiss on April 28, 1989. Following a thorough review of the filings in this case, for the reasons discussed below, the court, hereby, GRANTS the defendant's Motion to Dismiss.

## BACKGROUND

At the beginning of August, 1984, the plaintiff was involuntarily retired from the Department of Health and Human Services. In November of 1984, the plaintiff applied for a position as an Equal Opportunity Specialist with the Office for Civil Rights of the Department of Education, located in Atlanta, Georgia. Mr. Dixon was not selected for the position.

On January 29, 1985, Mr. Dixon, a disabled veteran, filed an Equal Opportunity complaint concerning his non-selection for the position with the Department of Education, alleging discrimination based upon his sex (male), age (over 40), and handicap. On May 12, 1988, following an investigation into Mr. Dixon's complaint, conducted by the Department of Education between June 26 and July 5, 1985, during which time the Department tried unsuccessfully to resolve this matter informally, the Department issued a Proposed Disposition in favor of Mr. Dixon, with a finding of discrimination. On May 27, 1988, the Proposed Disposition was adopted as the Final Agency Decision and the plaintiff was appointed to a GS–7 position in the Office for Civil Rights, Atlanta Region, Department of Education, retroactive to January 20, 1985. The Final Agency Decision stated that the corrective action is to include all pay raises, within-grade increases, promotions, and all other employment benefits to which Mr. Dixon is entitled, based on the January 20, 1985 employment date.

Subsequently, the Department of Education calculated the amount of back pay due to plaintiff, deducting the other income he earned during the period covered by the corrective action. The deductions included plaintiff's Civil Service retirement annuity as well as $12,225.00 paid to him by the United States Office of Personnel Management (OPM), as a government contractor performing investigative services. During the eighteen weeks the plaintiff was a contractor with OPM, his work week averaged over seventy-two hours (meaning that 45% of the money earned by the plaintiff during this period was attributable to compensation for work performed either before or after the regular business day).

On December 13, 1988, the plaintiff, *pro se*, filed a complaint in this court. The plaintiff alleges that

[a] regular full-time federal employee could not work but 720 hours from December 15, 1986 to April 17, 1987 without overtime. The Agency off-set or deducted ... $12,225.00 from his back-pay. 720 hours is 55% of 1,306 hours, therefore [t]he Agency should have deducted only $6,724.00 of [plaintiff's] $12,225.00 earnings. [Plaintiff] respectfully asks this honorable Court to direct [t]he Agency to pay him an additional $5,501.00.

The plaintiff was employed by the Department of Education, effective July 5, 1988, retroactive to January 20, 1985. The plaintiff states, in his complaint, that his retirement or federal annuity was effective Au-

gust 1, 1984, when he was involuntarily retired from the Department of Health and Human Services. Plaintiff seems to contend that, in deducting his outside earnings, including his retirement annuity earnings, from his back pay award, the defendant incorrectly concluded that his annuity "earnings took the place of the job that he did not get" with the Department of Education. Plaintiff also requests that this court

> rule that a federal retiree's annuity replaces the annuitant's regular, full-time 40 hour a week job, as it actually does, therefore the annuity only, not earnings from part-time employment after retirement and especially not earnings from hours worked in excess of 40 hours per week, should be off-set or deducted from the back-pay.

Additionally, the plaintiff argues that, even if he was employed by the defendant on a full-time basis, during the period December 1986 to April 1987, he could have worked many hours in excess of the regular 40 hours per week by "moonlighting" in a second job. Finally, the plaintiff claims the $5,501.00 "off-set/deducted from his back-pay even though that sum was earned while working in excess of 40 hours per week." Mr. Dixon also requests that this court "find that [his] federal retirement annuity replaced the job with the [Department of Education] that he did not get January 1985." The plaintiff requests that the defendant be ordered by the court to pay him "$12,519.00 in addition to the $9,679.00 already paid to [him] for 3½ years back-pay."

On February 10, 1989, the defendant filed a Motion for Enlargement of Time of 60 days, to and including April 14, 1989 to answer the plaintiff's complaint. The court approved this motion on February 16, 1989.

Received by the court and filed by leave of the Judge on February 17, 1989, is a document entitled "Exhibits to Original Complaint." This filing includes all documents and copies of citations to which the plaintiff refers in his complaint in support of his claim in this court. Plaintiff then filed a Correction to Exhibits, filed by leave of the Judge on March 13, 1989, and a Motion to Close the Record,[1] filed on April 17, 1989.

The defendant answered the complaint by filing, in accordance with Rule 12 of the Rules of the United States Claims Court, RUSCC 12, 28 U.S.C. (Supp. IV 1986), a Motion to Dismiss. The defendant requests that this court dismiss this case for lack of subject matter jurisdiction over the claims stated in the plaintiff's complaint. *See* RUSCC 12(b)(1), 28 U.S.C. (Supp. IV 1986).

### DISCUSSION

On April 21, 1989, the defendant filed a Motion to Dismiss the plaintiff's complaint stating that this court lacked subject matter jurisdiction over the claims stated in the complaint, filed December 13, 1988. At the beginning of the plaintiff's complaint, he states that this court "has jurisdiction over this claim-for-additional-back-pay through the provisions of Section 1491 Title 28 Tucker Act." The plaintiff continues: "[t]he payment of back-pay is authorized by Section 5596 Title 5 USC and in this case, by the Final Agency decision dated May 27, 1988 on Case ED–8506000, Norris E. Dixon complaint." The defendant, however, argues, in its Motion to Dismiss, that this court does not have jurisdiction to entertain the plaintiff's claim because it arises under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Rehabilitation Act of 1973. In response, on April 28, 1989, the plaintiff agrees with the defendant in concluding that his claim is not filed as a claim for relief pursuant to "Title VII of the CR Act of 1964, The Age Discrimination Act or The Rehab Act of 1973 because the defen-

---

**1.** In this motion, the plaintiff requests that the court "close the Record upon receipt of [the motion, including] Plaintiff's final evidence-of-hours-worked-in excess-of-forty-hours-per week, … because (1) Plaintiff does not have anything else to support his case, and (2) the Govern-

ment's Enlargement of Time has expired." In conclusion, the plaintiff states that "[t]his motion [along with its attached exhibits,] are Plaintiff's final submissions to this honorable Court unless the Court orders otherwise.

dant ... [ruled in his favor] and correctly provided [him] all of the benefits stipulated in their decision." The plaintiff agrees with the defendant that the deductions from his back pay were correct and in compliance with "current regulations applicable to federal employees backpay awards." However, the plaintiff

> IS ASKING THE COURT TO FIND-FOR-HIM IN THIS INSTANT CASE BECAUSE THE REGULATION IS UNFAIR IN THAT IT REQUIRES THE [defendant] TO DEDUCT ALL OF [the plaintiff's] EARNINGS FROM HIS BACKPAY WITHOUT EXCEPTION, WITHOUT CONSIDERATION OF HOURS WORKED IN EXCESS OF 40 HOURS PER WEEK AND WITHOUT CONSIDERING THE FACT THAT [he] WAS A RETIRED FEDERAL EMPLOYEE AND HIS *ANNUITY ONLY* REPLACED THE JOB THAT HE DID NOT GET WITH THE [defendant]. (emphasis supplied in Plaintiff's Response to Defendant's Motion to Dismiss)

The purpose of Rule 12(b) of the Rules of the United States Claims Court, RUSCC 12(b), 28 U.S.C. (Supp. IV 1986), is to promote the expeditious presentation of defenses and objections. The defendant, following receipt of the complaint, and prior to filing a responsive pleading, has the option of presenting to the court in the form of a motion any of the four enumerated defenses in RUSCC 12(b).

> (b) *How Presented* .... [T]he following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) insufficiency of process, (4) failure to state a claim upon which relief can be granted. A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

RUSCC 12(b), 28 U.S.C. (Supp. IV 1986).

■ RUSCC 12(b)(1), the defense upon which defendant in the instant case has moved the court, addresses itself solely to this court's jurisdiction to render a decision as to the subject matter of plaintiffs' contentions. On a motion under RUSCC 12(b)(1), the court's inquiry essentially is limited to the content of the complaint.

When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader.

*Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1973). The court, therefore, is limited to deciding the defendant's motion to dismiss within the context of the well established principle that the allegations of fact outlined in the complaint be accepted and construed in a light most favorable to the plaintiff. *White Mountain Apache Tribe v. United States,* 8 Cl.Ct. 677, 681 (1985). The United States Supreme Court has stated that, when reviewing a motion to dismiss on the pleadings, the court must accept the allegations in the complaint and supporting affidavits as true. *Gardner v. Toilet Goods Ass'n,* 387 U.S. 167, 172, 87 S.Ct. 1526, 1529, 18 L.Ed.2d 704 (1966).

With these general principles regarding this court's procedure for reviewing a motion to dismiss and supporting documentation in mind, the court, at this time, must conclude in favor of the defendant and dismiss the plaintiff's complaint in this action.

■ Plaintiff's claim arises from a dispute concerning the remedial relief due to him as a result of the Department of Education's finding that he was the subject of unlawful discrimination when he was not selected for an Equal Opportunity Specialist Position. His successful Equal Employment Office action was based on Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16 (1982) (prohibiting discrimination based on sex, race, color, religion, and national origin), the Age Discrimination in Employment Act, 29 U.S.C. § 633a (1982) (prohibiting discrimation based on age), and the Rehabilitation Act of 1973, 29 U.S.C. § 791 (1982) (prohibiting discrimination based on handicap). These statutes contain authority for providing remedial relief to employees or applicants who have prevailed in a discrimination complaint. The adjudicative framework established by each statute, and the corresponding regulations, provide for a combination of administrative and judicial avenues of relief. Plaintiff sought resolution of his claim through the administrative process and prevailed in a Final Agency Decision issued by the Department of Education's Equal Employment Office on May 27, 1988. Under all three statutes, once it is appropriate to proceed to court, the court that has jurisdiction is the appropriate United States District Court, not the United States Claims Court. *See* 42 U.S.C. § 2000e–16(c), (d) (1982); 29 U.S.C. § 633a(c) (1982); 29 U.S.C. § 794a (1982).

It is well settled that this court does not have jurisdiction to entertain an action brought under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e–16 (1982); *e.g., Clark v. United States*, 212 Ct.Cl. 590, 553 F.2d 104 (1976) (citing *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976)), *cert. denied*, 434 U.S. 839, 98 S.Ct. 132, 54 L.Ed.2d 101 (1977). Similarly, the district courts have exclusive jurisdiction to entertain claims under the Age Discrimination in Employment Act, *Purtill v. Harris*, 658 F.2d 134 (3rd Cir. 1981), *cert. denied*, 462 U.S. 1131, 103 S.Ct. 3110, 77 L.Ed.2d 1365 (1983), and those brought under the Rehabilitation Act of 1973. *Boyd v. United States Postal Service*, 752 F.2d 410 (9th Cir.1985). *See also Jackson v. United States*, 10 Cl.Ct. 691, 694 (1986) (citing *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Hadley v. Department of the Navy*, 229 Ct.Cl. 591

(1981); *Williams v. United States*, 212 Ct.Cl. 544, 546 F.2d 431 (1976)).

This court has held that it does not possess jurisdiction with respect to back pay claims in cases involving discrimination based on sex or handicap, *Jackson v. United States*, 10 Cl.Ct. 691 (1986), and the Court of Claims held that there is no Tucker Act jurisdiction to entertain claims involving age discrimination. *Parker v. United States*, 230 Ct.Cl. 974 (1982).

In his complaint, the plaintiff cites two statutes as a basis for this court's jurisdiction over this action. 28 U.S.C. § 1491 (1982); 5 U.S.C. § 5596 (1982). The jurisdiction of the United States Claims Court to render judgments against the United States is derived from the Tucker Act, ch. 359 § 1, 24 Stat. 505 (1887) (codified as amended at 28 U.S.C. § 1491 (1982)). Section 1491(a)(1) states in relevant part:

> The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

*Id.* The Tucker Act confers jurisdiction upon this court whenever a separate substantive right exists entitling a party to money damages against the United States. However, the Tucker Act does not in and of itself create any such substantive rights. *United States v. Mitchell*, 463 U.S. 206, 216, 103 S.Ct. 2961, 2967, 77 L.Ed.2d 580 (1983); *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). A claim for damages must be based upon a violation of a law set forth in the constitution, a statute or regulation or of a violation of contractual rights which can be fairly interpreted as mandating the payment of compensation from the Federal Government. *United States v. Testan*, 424 U.S. at 400, 96 S.Ct. at 954; *Eastport Steamship Corp. v. United States*, 372 F.2d 1002, 1007–09, 178 Ct.Cl. 599, 605–07, 372 F.2d 1002 (1967). *See also, United*

*States v. Connolly,* 716 F.2d 882, 885 (Fed. Cir.1983), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984).

With respect to any reliance the plaintiff might place on the Back Pay Act as a jurisdictional basis for his action in this court, it is inappropriate. It has been held by the United States Court of Appeals for the Federal Circuit that some provision of law other than the Back Pay Act, 5 U.S.C. § 5596 (1982), which is not itself a jurisdictional statute, must first mandate, or at least be interpreted to mandate, money damages to an employee suffering an unjustified or unwarranted personnel action, before the Back Pay Act may be relied upon to invoke this court's jurisdiction. *Spagnola v. Stockman,* 732 F.2d 908, 912 (Fed.Cir.1984). *See also, United States v. Connolly,* 716 F.2d at 887; *Montalvo v. United States,* 231 Ct.Cl. 980, 982 (1982). The plaintiff's citations to the Tucker Act and the Back Pay Act are insufficient to invoke properly this court's jurisdiction.

Finally, the last possible basis upon which the court can interpret the plaintiff's filings to request relief is based upon a notion that the application of the regulation requiring the deduction of all of the plaintiff's outside earnings was "unfairly" applied in this case. In the plaintiff's Response to the Motion to Dismiss, the plaintiff alleges that in this case, the regulation allowing the Department of Education to deduct all of his earnings during the period of his constructive employment, in application, is "unfair."

As discussed above, a claim for damages over which this court has jurisdiction, must be based upon a violation of a law set forth in the constitution, a statute or regulation or of a violation of contractual rights which can be fairly interpreted as mandating the payment of compensation from the Federal Government. *United States v. Testan,* 424 U.S. at 400, 96 S.Ct. at 954; *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. at 605-07, 372 F.2d at 1007-09. *See also, United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). In accordance with 29 C.F.R.

§ 1613.271 (1988), back pay in a discrimination case is computed based upon 5 C.F.R. § 550.805 (1988), which is the regulatory provision implementing the back pay statute, 5 U.S.C. § 5596 (1982). Although the back pay regulations provide the method for calculating possible back pay in the appropriate case, neither the Back Pay Act nor its implementing regulations provide the authority for payment of back pay in discrimination cases. The authority for awarding back pay in discrimination cases derives solely from the discrimination statutes themselves, and the corresponding regulatory provision, 29 C.F.R. § 1613.271 (1988), over which this court lacks jurisdiction to grant the plaintiff his requested relief. This jurisdictional barrier affects this court's subject matter jurisdiction with respect to the entire case, including the back pay issues.

## CONCLUSION

For the reasons stated above, the court, hereby, GRANTS the defendant's Motion to Dismiss. The Clerk of the Court is ordered to dismiss the complaint in this action. No costs.