**573**

**Richard D. SANDERS, Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**No. 94–264C.**

United States Court of Federal Claims.

Jan. 13, 1995.

Joseph W. Kaestner, Richmond, VA, for plaintiff.

Andrea I. Kelly, Washington, DC, with whom was Asst. Atty. Gen. Frank W. Hunger, David M. Cohen, Director, and James M. Kinsella, Asst. Director, for defendant; Lieutenant Colonel Nolon J. Benson, Jr. and Major Kevin J. Chapman, of counsel.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction on the grounds that plaintiff's complaint (1) is barred by the statute of limitations, (2) fails to state a claim upon which relief may be granted, and (3) seeks relief that is beyond the authority of this court to grant. The facts as contained in defendant's memorandum of law are uncontested. For the reasons that follow, the court allows defendant's motion to dismiss.

## FACTS

Plaintiff, Richard D. Sanders, served in the United States Army for approximately twenty-one years until his retirement in 1967. In 1950 and 1951 Mr. Sanders was stationed in Korea, during which time he was wounded. As a result of his injuries Mr. Sanders lost his left toes, part of his left foot, and muscles in his left calf and left posterior thigh. Despite his injuries, Mr. Sanders continued to serve in the Army, and rose to the rank of Sergeant First Class with a pay grade of E–7.

In December 1966 Mr. Sanders was recommended for a promotion to pay grade E–8. As of that date Army Regulation AR 600–200, Change 6, dated May 24, 1966, restricted the promotions of individuals with physical limitations that would effect performance in the occupational specialty in which promotion was to be made.[1] Mr. Sanders believes that this regulation was the reason his promotion was ultimately denied. Mr. Sanders also alleged that the Physical Evaluation Board (PEB) incorrectly informed him that his promotion was denied because he failed the required physical examination in 1966.[2] After learning that he would not be promoted, Mr. Sanders sought and received a disability retirement and, on September 1, 1967, retired with a sixty-percent disability rating.

Mr. Sanders subsequently applied to the Army Board for Correction of Military Records (ABCMR) for retroactive promotion,

---

1. The regulation was rescinded shortly after Mr. Sanders retired.

2. It is unclear, but not germane to the resolution of this case, whether this information was given to Mr. Sanders before or after retirement.

back pay and benefits. This request was denied on January 9, 1974, on the ground that there was insufficient evidence of error or injustice. Mr. Sanders' numerous requests for reconsideration of the ABCMR decision have all been denied, although he continues to be advised that " 'the board may reconsider your case if you present new, substantive evidence not previously considered.' " On April 26, 1994, Mr. Sanders filed suit in this court seeking retroactive promotion, back pay, benefits, and $150,000 in punitive damages for violation of his civil rights.

By motion filed June 27, 1994, defendant asked this court to dismiss Mr. Sanders' complaint for lack of subject matter jurisdiction on the grounds that Mr. Sanders' claims are barred by the statute of limitations. In addition, defendant argued that the complaint fails to state a claim upon which relief can be granted, and the court lacks the authority to grant the relief requested.

## DISCUSSION

### 1. *Mr. Sanders' Military Pay Claim*

Pursuant to 28 U.S.C. § 2501, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (Supp.1993). The six-year statute of limitations on claims against the United States must be strictly construed because it is a qualification on the government's waiver of immunity. *Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1576–77 (Fed.Cir.1988) (citations omitted). A claim against the United States accrues when "all the events which fix the government's alleged liability have occurred *and* the plaintiff was or should have been aware of their existence." *Id.* at 1577 (citing *Kinsey v. United States,* 852 F.2d 556, 557 n. * (Fed.Cir.1988)).

Claims alleging an unlawful failure to promote accrue on the date the application for promotion is denied. *D'Andrea v. United States,* 27 Fed.Cl. 612, 614, *aff'd,* 6 F.3d 786 (Fed.Cir.1993); *Pacyna v. Marsh,* 617 F.Supp. 101, 102 (W.D.N.Y.1984), *aff'd,* 809

F.2d 792 (Fed.Cir.1986), *cert. denied,* 481 U.S. 1048, 107 S.Ct. 2177, 95 L.Ed.2d 834 (1987); *cf. Mitchell v. United States,* 26 Cl. Ct. 1329, 1331 (1992), holding that unlawful discharge claims accrue upon discharge, *aff'd,* 1 F.3d 1252 (Fed.Cir.1993). Although disappointed applicants may seek relief from a corrections board, this step is not required to fix the government's liability. *See, e.g., Pacyna,* 617 F.Supp. at 102, holding that file is complete when promotion is denied. Therefore, because resort to the ABCMR is a permissive rather than mandatory remedy, the statute of limitations is not tolled pending a decision by the board. *D'Andrea,* 27 Fed. Cl. at 614; *Mitchell,* 26 Cl.Ct. at 1331.

In this case, Mr. Sanders challenged the allegedly unlawful decision not to approve his promotion to the grade of E–8. Although the date Mr. Sanders' application was denied is not clear, by the time Mr. Sanders retired on September 1, 1967, all the events necessary to establish the government's liability had occurred. Mr. Sanders' argument that his claim has not yet accrued because the ABCMR decision was "non-final," is based upon the rule that disability retirement claims do not accrue until " 'final action of a board competent to pass on eligibility for disability retirement.' " *Brownfield v. United States,* 589 F.2d 1035, 1037, 218 Ct.Cl. 477 (1978) (citations omitted); *see also Coon v. United States,* 30 Fed.Cl. 531, 536, *aff'd,* 41 F.3d 1520 (Fed.Cir.1994). This rule is unique to disability retirement claims, however, and has no applicability in this case. *See, e.g., Mitchell,* 26 Cl.Ct. at 1331. Therefore, since Mr. Sanders' complaint was filed more than twenty-five years after he left the military, his military pay claim is barred by the statute of limitations.

Further, Mr. Sanders' argument that the claim did not accrue because the PEB told him, incorrectly, that he had failed his 1966 physical is unavailing. The statute of limitations may be tolled if "the government fraudulently concealed facts relevant to plaintiff's claim, with the result that the plaintiff was unaware of such facts." *D'Andrea,* 27 Fed.Cl. at 615. In this case, however, Mr. Sanders has not alleged that the PEB deliberately gave him false information, or

that he relied upon these facts. Further, even if the statute of limitations was tolled on the basis of the PEB's alleged representation, Mr. Sanders had information of the alleged error no later than April 1975. At that time he obtained a letter from his former Commanding Officer, stating that he had passed the physical fitness test in July 1966. Therefore, even under Mr. Sanders' theory, his claim would have accrued in April 1975, and his complaint filed almost twenty years later, in April 1994, was untimely. *See Hopland*, 855 F.2d at 1577 (citations omitted); *Coon*, 30 Fed.Cl. at 537–38.

Finally, the court rejects plaintiff's suggestion that "public policy" warrants a finding that plaintiff's claim is timely. The statute of limitations is a jurisdictional requirement imposed on the government's consent to be sued. *Hopland*, 855 F.2d at 1576–77. This court has no power to expand the government's waiver of immunity on equitable grounds. *Id.* at 1578.

### 2. *Mr. Sanders' Civil Rights Claim*

In his memorandum of law in opposition to defendant's motion to dismiss, Mr. Sanders appeared to abandon his claim based on an alleged civil rights violation. Nevertheless, for the sake of clarity the court notes that it has no jurisdiction over Mr. Sanders' civil rights claims. *See, e.g., Anderson v. United States,* 22 Cl.Ct. 178, 179 n. 2 (1990), *aff'd,* 937 F.2d 623 (Fed.Cir.1991); *Parker v. United States,* 230 Ct.Cl. 974, 976, 1982 WL 25291 (1982).

### CONCLUSION

Under 28 U.S.C. § 2501, claims against the United States must be filed within six years of the date they first accrue. Therefore, Mr. Sanders' complaint which was filed more than twenty-five years after his retirement from the military, was untimely. Therefore, defendant's motion to dismiss is granted. The court deems it unnecessary to address defendant's remaining arguments in favor of dismissal.

**IT IS SO ORDERED.**