**Phillip S. WOODRUFF, Plaintiff,**

v.

**Norman Y. MINETA, Secretary, U.S. Department of Transportation, Defendant.**

No. Civ.A. 01–1964(RMU).

United States District Court, District of Columbia.

Aug. 7, 2002.

Phillip S. Woodruff, Upper Marlboro, MD, plaintiff pro se.

Daria J. Zane, Assistant United States Attorney, Washington, DC, for defendant.

## MEMORANDUM OPINION

URBINA, District Judge.

DENYING IN PART AND GRANTING IN PART THE DEFENDANT'S PARTIAL MOTION TO DIS-MISS; GRANTING THE DEFENDANT'S MO-TION FOR A MORE DEFINITE STATEMENT

## I. INTRODUCTION

This employment-discrimination matter comes before the court on the defendant's partial motion to dismiss and motion for a more definite statement. *Pro se* plaintiff Phillip S. Woodruff ("the plaintiff") brings suit against his employer, the Federal Avi-

ation Administration ("the defendant" or "FAA"),[1] claiming that the FAA discriminated against him based on his age, gender, race, physical handicap, and in retaliation for his prior complaints. The Plaintiff seeks reinstatement to his job, asks the court to require the defendant to accommodate his medical conditions, and requests money damages. The FAA has filed a partial motion to dismiss, or in the alternative, a partial motion for summary judgment, and a motion for a more definite statement.[2] For the following reasons, the court denies in part and grants in part the defendant's partial motion to dismiss and grants the defendant's motion for a more definite statement.

## II. BACKGROUND

Mr. Woodruff works as a supervisory public affairs specialist for the FAA, directing the agency's aviation education program. Pl.'s Opp'n to Def.'s Partial Mot. to Dismiss, or in the Alternative, Partial Mot. for Summ.J. and Mot. for More Definite Statement ("Pl.'s Opp'n") at 3–4. On September 29, 1995, Mr. Woodruff slipped on a wet floor at work, injuring his shoulder, hip, and back. *Id.* Ex. 6. He underwent surgery in May 1997 and remained on total disability through January 1998, returning to work on a part-time basis as of February 1, 1998. *Id.* at 7. Upon his return, Mr. Woodruff requested that the government permit him to resume his supervisory role as a team leader. Partial Mot. to Dismiss, or in the Alternative, Partial Mot. for Summ.J. and Mot. for More Definite Statement ("Mot. to Dismiss") at 5. Mr. Eoyang, Mr. Woodruff's first-line supervisor, denied his request,

1. In his complaint, the plaintiff rightly names as the defendant, Norman Mineta, Secretary of the U.S. Department of Transportation ("DOT"), which oversees the FAA. Compl. at 1.

2. Discovery in this case has not yet begun. Accordingly, the court has not considered matters outside the pleadings in reaching this opinion and treats the defendant's motion as a motion to dismiss, rather than as a motion for summary judgment. FED.R.CIV P. 12(b).

explaining that it was not in the best interests of the program or the individuals under his supervision to have Mr. Woodruff resume his responsibilities until Mr. Woodruff recommenced a full-time work schedule. *Id.*

On August 11, 1998, Mr. Woodruff contacted the EEO Counselor to initiate an administrative action. *Id.* Ex. 9. On December 1, 1998, Mr. Woodruff filed a formal complaint of discrimination against the FAA. *Id.* Ex. 10. On June 12, 2001, DOT sent Mr. Woodruff notice of its final agency decision in his case, dismissing four of his claims and finding no discrimination for the remainder of his claims. Compl.Attach. On September 14, 2001, Mr. Woodruff filed this complaint.

### III. ANALYSIS

### A. Legal Standard for a Motion to Dismiss

On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. *District of Columbia Retirement Bd. v. United States,* 657 F.Supp. 428, 431 (D.D.C.1987). In evaluating whether subject-matter jurisdiction exists, the court must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overturned on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The court need not, however, accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. *Lawrence*

*v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990).

Moreover, the court need not limit itself to the allegations of the complaint. *Hohri v. United States,* 782 F.2d 227, 241 (D.C.Cir.1986), *vacated on other grounds by* 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). Rather, the court may consider such materials outside the pleadings as it deems appropriate to determine whether it has jurisdiction in the case. *Herbert v. National Acad. of Sciences,* 974 F.2d 192, 197 (D.C.Cir.1992).

### B. The Court Denies the Defendant's Motion to Dismiss Counts One Through Four and the Age, Sex, and Race Claims

The defendant argues that the court should dismiss the first four claims of the plaintiff's complaint because the plaintiff did not contact an equal employment opportunity ("EEO") counselor within 45 days of the incident in question, as required by 29 C.F.R. § 1614.105(a)(1).[3] Mot. to Dismiss at 2. The defendant contends that the final agency decision makes clear that the alleged discrimination should have been apparent to the plaintiff no later than April 30, 1998, rather than July 10, 1998, as the plaintiff claims. *Id.* Ex. 13 at 2–3. A 45–day filing requirement, calculated from April 30, 1998, would make June 15, 1998 the final day the plaintiff could have initiated a complaint with the agency. *Id.* at 11. The plaintiff did not contact an EEO counselor until mid-August. *Id.*

Equal Employment Opportunity Commission ("EEOC") regulations require a complainant to initiate a complaint within

---

**3.** The first four claims of the plaintiff's complaint allegedly occurred on or about July 10, 1998 and include the following allegations: (1) that the defendant denied the plaintiff reinstatement to the position of team leader; (2) that the defendant placed the plaintiff at

greater risk for a reduction-in-force; (3) that the "Defendant's managerial authority was continually being revoked"; and (4) that the defendant reassigned the plaintiff to a non-supervisory position. Compl. at 2–3.

45 days of the alleged violation. 29 C.F.R. § 1614.105(a)(1); Mot. to Dismiss Ex. 13 at 2. If, however, an agency wrongfully dismisses a complaint for a purported failure to comply with a provision of the regulations, the court should not remand the case to the agency but should "conclude that administrative remedies are exhausted and go on to try all issues in the case on their merits." *Wade v. Sec'y of Army*, 796 F.2d 1369, 1378 (11th Cir.1986).

In this case, the plaintiff has restated his position taken in the administrative proceedings that the defendant discriminated against him on July 10, 1998 and makes clear that he does not challenge any actions the defendant may have taken against him in April 1998. Compl. at 2–3; Pl.'s Opp'n at 1, 3–4, 9. For purposes of this motion, the court must accept the plaintiffs well-pled factual allegations as true. *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683. If the discriminatory actions occurred on July 10 and the plaintiff initiated contact with an EEO counselor on August 11, the plaintiff would have satisfied the 45–day requirement. 29 C.F.R. § 1614.105(a)(1); Mot. to Dismiss Ex. 9. Thus, the court denies the defendant's motion to dismiss the first four claims but clarifies that only claims about the defendant's actions in July 1998 may proceed since the plaintiff does not advance claims about the defendant's actions in April 1998. Compl. at 2–3.

■ The defendant also seeks the dismissal of the plaintiff's claims based on race, sex, and age, alleging a failure to exhaust remedies because the plaintiff failed to raise these issues administratively. Mot. to Dismiss at 2. Title VII requires a complainant to exhaust his administrative remedies before the court has jurisdiction over his claims. 42 U.S.C. § 2000e–5(b); *Lockamy v. Truesdale*, 182 F.Supp.2d 26, 31 (D.D.C.2001) (Urbina, J.) (citing *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976)). A complainant need only give "the agency . . . sufficient, even if technically flawed, notice of the grievance." *Bethel v. Jefferson*, 589 F.2d 631, 644 (D.C.Cir.1978). The D.C. Circuit has explained that "[t]he only exhaustion requirement expressly made by Title VII is the employee's duty to 'first complain to his employing agency . . . .'" *Mangiapane v. Adams*, 661 F.2d 1388, 1390 (D.C.Cir. 1981) (quotation omitted).

In this case, in the original investigation paperwork pursuant to the mediation process, the plaintiff clearly articulated the basis for the alleged discriminatory behavior as reprisal, disability, age, race, and sex. Pl.'s Opp'n at 12, Ex. 1. In addition, the plaintiff's formal agency complaint incorporated the issues discussed in the mediation process. *Id.* at 12, Ex. 2 (labeled Complaint of Discrimination). Apparently, the acting regional director in charge of the processing of the plaintiff's discrimination complaint recognized that the plaintiff's claims based on race, sex, and age were part of the case. *Id.* Joseph Austin, the acting regional director of DOT's Departmental Office of Civil Rights, specifically mentioned these claims in a letter dated July 15, 1999 as the grounds for discrimination for the purposes of the investigation. *Id.* For these reasons, the court concludes that the plaintiff satisfied his burden of mentioning these claims at the administrative level and thus denies the defendant's motion to dismiss the claims based on race, sex, and age.

## C. The Court Grants the Defendant's Motion to Dismiss the Claims Brought Under the ADA, the EPA, and the CSRA

■ The defendant moves to dismiss the plaintiff's Americans with Disabilities Act ("ADA") claim, correctly arguing that the ADA does not apply to the federal

government. 42 U.S.C. § 12111(2), (5)(B)(i); *Cooke–Seals v. Dist. of Columbia*, 973 F.Supp. 184, 187 (D.D.C.1997); *Kemer v. Johnson*, 900 F.Supp. 677, 681 (S.D.N.Y.1995); Mot. to Dismiss at 2. Congress specifically excluded the federal government from the category of "employer" for the purposes of this statute. *Id.* Congress did provide federal government employees with an avenue to sue on the basis of disability with the Rehabilitation Act of 1973. 29 U.S.C. §§ 794(a)(1); *McKelvey v. Turnage*, 792 F.2d 194, 206 (D.C.Cir.1986); Mot. to Dismiss at 13. Moreover, in his opposition, the plaintiff himself seems to acknowledge that the Rehabilitation Act is the only path to relief on this claim since he fails to counter the defendant's argument about the applicability of the ADA. Pl.'s Opp'n at 9. Accordingly, the court grants the defendant's motion to dismiss the ADA claim.

The Equal Pay Act ("EPA") bars any action not filed within two years after a cause of action accrues, and allows three years if the offending conduct was willful. 29 U.S.C. § 255; Mot. to Dismiss at 15. Even accepting the plaintiff's claims as true, the discriminatory acts occurred between July 10, 1998 and August 4, 1998, thus rendering his September 14, 2001 complaint untimely for purposes of the EPA. Mot. to Dismiss at 15–16. Accordingly, the court grants the defendant's motion to dismiss this claim.

█ Moving on, the court notes that in 1978, Congress enacted the Civil Service Reform Act ("CSRA") to improve the quality of the federal workforce. 5 U.S.C. § 1101, note, Sec. 3. Congress empowered the Merit Systems Protection Board ("MSPB") to oversee adjudicatory responsibilities involving personnel actions, as opposed to claims of discrimination. 5 U.S.C. § 1204. The EEOC obtained juris-

diction over Section 717 of Title VII.[4] Meanwhile, the MSPB retains review of all "personnel actions" while the EEOC conducts administrative review of all "discrimination" cases. 42 U.S.C. § 2000e–16; 5 U.S.C. § 1201–06. The CSRA limits the scope of a federal employee's right to review to administrative review before the MSPB. 5 U.S.C. §§ 7703(b)(1). In cases involving charges of discrimination and personnel actions—so-called "mixed cases"—federal courts can hear only the discriminatory components of the case. 5 U.S.C. §§ 7701. To the extent that CSRA governs "personnel actions," the court grants the defendant's motion to dismiss the plaintiff's claims brought under the CSRA.

### D. The Court Grants the Defendant's Motion for a More Definite Statement

Finally, the defendant requests that the plaintiff file a more definite statement regarding the fifth and sixth claims in the complaint because the charges do not include any allegations of discriminatory actions by the defendants. Mot. to Dismiss at 19. The defendant believes the "confusion" can be "resolved by the plaintiff simply submitting an amended complaint where he explains in a short factual statement ... the actions that form the bases of his claims of discrimination." *Id.* In his opposition brief, the plaintiff himself acknowledges "his failure to incorporate facts detailing the actions referenced in counts 5 and 6" and asks for a chance to amend his complaint. Pl.'s Opp'n at 12. The court thus grants the defendant's motion for a more definite statement and will allow the plaintiff to amend his complaint accordingly. If the plaintiff wishes to pursue counts 5 and 6, he shall file an amend-

---

4. Section 717 expanded Title VII coverage to    federal employees. 42 U.S.C. § 2000e–16.

ed complaint clarifying these claims by September 20, 2002.

## IV. CONCLUSION

For all these reasons, the court denies in part and grants in part the defendant's partial motion to dismiss and grants the defendant's motion for a more definite statement. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 7 day of August, 2002.

### *ORDER*

DENYING IN PART AND GRANTING IN PART THE DEFENDANT'S PARTIAL MOTION TO DISMISS; GRANTING THE DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued this _____ day of August, 2002, it is hereby

**ORDERED** that the defendant's partial motion to dismiss is **DENIED in part and GRANTED in part;** and it is

**FURTHER ORDERED** that the defendant's motion for a more definite statement is **GRANTED.**

**SO ORDERED.**